Smith, J.,
delivered the opinion of the court. It appeared in evidence, that the pond, when reduced so as to draw off the water which flooded Benton’s land, was insufficient to turn a mill. It is evident the parties both contemplated the erection of a mill on the premises ; and the use of the pond, according to its former dimensions. The fair construction of the contract is, that the warranty was meant to extend to the whole mill pond, according to its former .capacity and extent. It is clear, that the plaintiff could have intended nothing else. It appeared in evidence, that the land without the mill seat, was comparatively worthless. The parties, neither of them, it is fair to conclude, knew that the water, by reason of the dam, was raised so as to overflow the land of Mr. Benton ; and especially, because Benton had never before complained of it, or objected to the stopping of the water, But the plaintiff is under the necessity of contracting the pond, in order to avoid trespassing on the land of his neighbor, in such a manner, that it is of no use to him in respect to the main object of the contract. He has therefore, been deceived, as to the prime object in making the pur. chase. The principal consideration has failed. His views and expectations have been disappointed, and he has sustained a considerable loss in consequence of the contract. This loss is imputable to the defendant. It has happened in consequence of his representation and warranty. The plaintiff does not appear to have relied on his own judgment, or information, as to the sufficiency of the pond. He relied on the defendant’s warranty. It was generally known, or believed, that the pond was sufficient for a mill,, and a mill had been formerly in operation on the place. The words-of the warranty, under the circumstances of the case, were ealeu- *337 lated to raise the expectation that the whole pond was included in the limits of the land conveyed. That this must have been the impression of the plaintiff, is clear from evidence dehors, the deed. This evidence ought not to weigh in contradiction to the deed, or to vary its meaning, if plainly deducible from the deed itself. But evidence was admissible to shew that there was no mill seat. To shew that there was a breach of warranty, the evidence did shew that there was no pond, sufficient to turn a mill, appurtenant to the land ; and, consequently, that the land did not contain a mill seat; for without a sufficient head of water, there cannot be a mill seat. It was, therefore, proved, that the defendant was liable for a breach of warranty, and that the plaintiff was entitled to damages.
The opinion and charge of the presiding judge was incorrect} wherefore, the verdict must be set aside, and a new trial awarded.